STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
FREDERICK FISHER, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 28, 1975—Decided February 7, 1975.

Before Judges MATTHEWS, FRITZ and BOTTER.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for appellant (*Mr. Jasper J. Jackson,* Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent (*Mr. Richard W. Berg,* Deputy Attorney General, of counsel).

PER CURIAM. After having signed a waiver of indictment and trial by jury defendant pleaded guilty to an accusation charging him with receiving stolen property (*N. J. S. A.* 2A: 139–1) and carrying weapons without first having obtained a permit (*N. J. S. A.* 2A:151–41). Ultimately he was sentenced

to two to three years in State Prison on each count, the sentences on the respective counts to be served concurrently. He now appeals on the ground that no factual basis for the plea was elicited during the taking of the plea, as is required by *R.* 3 :9–2.

■ ■ The rule clearly directs that a judge taking a plea "shall not accept such plea without first addressing the defendant personally and determining by inquiry of defendant and others, in the court's discretion, that * * * there is a factual basis for the plea." There is no question at all but that the judge below failed to comply with the mandate of the rule, although he did ascertain that the waiver of indictment and trial by jury was signed voluntarily and with an understanding of what the words therein meant. Thereafter the following colloquy occurred:

THE COURT: You are charged with receiving stolen property. You are charged with carrying weapons without a permit or an ID card.

Do you understand the nature of those offenses?

THE DEFENDANT FISHER : Yes, sir.

We need not here decide the minimum inquiry necessary to satisfy the requirement of the rule, for we are satisfied that merely asking defendant if he read the formal language of the charge and understood that language is not sufficient. For one thing — and we do not suggest that there are not others —a "yes"-"no" inquiry relating to defendant's understanding of the nature of the offenses with which he is charged is not at all productive with respect to whether defendant's understanding is in fact correct, an essential purpose of the rule.

■ Satisfied that there was manifest error below (although it was never raised until this appeal), we turn to what, if anything, should be done here about it in the circumstances of this case. The State suggests, and we agree, that where an appeal is brought after sentence in criminal actions in which a guilty plea has been entered, the considerations affecting the determination should be akin to those in-

volved on a motion to withdraw a guilty plea after sentence. When such a motion is first made after sentence our courts generally require a demonstration of manifest injustice before the plea and sentence are set aside. *State v. Deutsch,* 34 *N. J.* 190, 198 (1961). Innocence or guilt is relevant even with respect to a motion before sentencing. *State v. Johnson,* 131 *N. J. Super.* 252 (App. Div. 1974). In the matter before us not only does defendant not here argue his innocence, but his guilt is too manifestly apparent upon the record to be ignored. In such circumstances, the error, though obvious and not to be condoned, is not ground for reversal. The time is long since past that all trial errors necessarily lead to reversal. *State v. Macon,* 57 *N. J.* 325 (1971).

Defendant also argues here that his sentence was excessive and a mistaken exercise of the trial court's discretion. Considering the circumstances of the offenses and defendant's record, we find no merit in this ground.

Affirmed.