151 A.3d 963

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. KEITH CARSON, DEFENDANT-APPELLANT.

FILED September 8, 2016

ORDER

This matter having come to the Court on a grant of certification, 224 *N.J.* 526 (2016); and

The Court having reviewed the written submissions of counsel, the Court makes the following findings:

1. Defendant pleaded guilty to first-degree robbery and aggravated manslaughter on October 29, 2005. As set forth in the plea form, defendant was sentenced to a fifteen-year term, subject to a period of parole ineligibility under the No Early Release Act (NERA), *N.J.S.A.* 2C:43-7.2, on the robbery count, and a concurrent twenty-one-year term, also subject to NERA, on the aggravated manslaughter count.

2. At sentencing on January 11, 2008, defendant was notified of his right to appeal, but no appeal was filed. Five years later, on January 14, 2013, defendant filed a pro se petition for post-conviction relief in Superior Court, alleging ineffective assistance of counsel. Defendant certified that he asked his counsel to file an appeal, but his counsel did not do so. Defense counsel also certified that defendant did ask him to file an appeal and he failed to do so. At the time, defendant was represented by designated counsel appointed by the Office of the Public Defender.

3. Defendant's petition was denied by the trial court and the Appellate Division affirmed the denial. Both courts ultimately concluded that defendant could not demonstrate prejudice because he could not show that the result would have been any different had he appealed.

4. The United States Supreme Court, in *Roe v. Flores-Ortega*, 528 *U.S.* 470, 483, 120 *S.Ct.* 1029, 1038, 145 *L.Ed.*2d 985, 999 (2000), held that when counsel's deficient performance "led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself [,]" ... the "denial of the entire judicial proceeding ... demands a presumption of prejudice." As a result, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484, 120 *S.Ct.* at 1039, 145 *L.Ed.*2d at 1000.

5. The State agrees with defendant that he was deprived of his right to appeal his sentence, and requests that this Court summarily remand the matter to the Appellate Division and grant defendant permission to file his appeal as within time.

In light of *Roe v. Flores-Ortega, supra,* which is controlling case law, and the agreement of the parties that defense counsel's deficient performance deprived defendant of his right to appeal, it is ORDERED that this case is remanded to the Appellate Division; it is further

ORDERED that, within 45 days of this order, defendant may file an appeal of his conviction and sentence as within time. Jurisdiction is not retained.

A copy of this order shall be sent to the Office of the Public Defender so defendant can be represented by counsel on appeal.