**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3874-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MAXIE CINTRON,

    Defendant-Appellant.

_____

Submitted November 6, 2017 - Decided December 1, 2017

Before Judges Accurso and O'Connor.

On appeal from Superior Court of New Jersey,
Law Division, Burlington County, Indictment
No. 10-06-0497.

Joseph E. Krakora, Public Defender, attorney
for appellant (Monique Moyse, Designated
Counsel, on the brief).

Scott A. Coffina, Burlington County
Prosecutor, attorney for respondent (Nicole
Handy, Assistant Prosecutor, of counsel and
on the brief).

PER CURIAM

    Following the denial of his motion to dismiss those counts

of a superseding indictment, against him and five others,

charging him with second-degree attempted burglary, N.J.S.A.

2C:5-1a(1) and N.J.S.A. 2C:18-2a(1); third-degree conspiracy, N.J.S.A. 2C:5-2a; and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4d; defendant Maxie Cintron pled guilty to those charges and to fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5d.[1]

Although the plea was not negotiated, it was based on the court's representation the sentence would not exceed five years, eighty-five percent of which would be served before defendant could become eligible for parole. Defendant, who was extended-term eligible, was subsequently sentenced on the burglary count to five years in State prison subject to the periods of parole ineligibility and supervision required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2; to concurrent five-year NERA terms on the conspiracy and possession for unlawful purpose counts; and to a concurrent eighteen-month term for unlawful possession of a weapon.

Defendant appealed his sentence, which we heard on a sentencing calendar. See R. 2:9-11. Acknowledging that the defendant's five-year term for attempted burglary was the lowest term possible without special findings, his counsel argued the

---

[1] The State alleged defendant was part of a burglary ring. He was arrested in possession of burglary tools and a three inch folding knife behind a home the ring had targeted.

judge should have merged the counts for sentencing purposes. The State, although noting merger would have no practical effect on defendant's sentence, did not oppose a remand to amend the judgment of conviction to reflect appropriate mergers. We accordingly affirmed the sentence, but remanded for entry of an amended judgment to reflect merger of the weapons counts and the conspiracy and attempted burglary counts for sentencing purposes.

Several months later, defendant filed a timely petition for post-conviction relief (PCR), claiming ineffective assistance of trial and appellate counsel. Defendant claimed his trial counsel was ineffective for failing to have filed various pre-trial motions on his behalf, and appellate counsel was ineffective for proceeding with the appeal without consulting with him as to the issues he wanted raised.

After hearing argument, the judge denied the petition without an evidentiary hearing. See State v. Preciose, 129 N.J. 451, 462-64 (1992). The judge rejected defendant's arguments that trial counsel was ineffective for having missed arguments that would have resulted in dismissal of the indictment and for having failed to negotiate a conditional plea.

The judge also rejected defendant's argument that appellate counsel was ineffective for having limited the appeal brought on

defendant's behalf to issues bearing on his sentence. Although acknowledging defendant "informed the Office of the Public Defender of his desire to appeal all aspects of his case," the court concluded defendant could not show a meritorious issue for appeal, and thus could not show prejudice under the second prong of the Strickland test. See Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 2064, 2068, 80 L. Ed. 2d 674, 693, 698 (1984).

Defendant appeals, raising the following two issues:

POINT ONE

MR. CINTRON IS ENTITLED TO RELIEF ON HIS CLAIM THAT HIS TRIAL ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO FILE ADEQUATE MOTIONS TO DISMISS AND FAILING TO PRESERVE HIS RIGHT TO APPEAL THE DENIAL OF THE MOTIONS TO DISMISS THAT WERE FILED.

POINT TWO

MR. CINTRON IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS APPELLATE ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO APPEAL HIS CONVICTIONS, AS REQUESTED.

Three months after the trial court dismissed defendant's PCR petition, we issued our opinion in State v. Jones, holding in accordance with Roe v. Flores-Ortega, 528 U.S. 470, 484, 120 S. Ct. 1029, 1038-39, 145 L. Ed. 2d 985, 999-1000 (2000), that when a defendant can show his attorney failed to file an appeal

as directed, prejudice is presumed, and the defendant must be permitted the opportunity to file a direct appeal of his conviction. State v. Jones, 446 N.J. Super. 28, 30-31 (App. Div.), certif. denied, 228 N.J. 72 (2016). The State argues Flores-Ortega is not applicable because defendant's appellate counsel appealed his sentence, and the law is clear appellate counsel is not required to advance every argument, regardless of merit, urged by the defendant on appeal, State v. Gaither, 396 N.J. Super. 508, 515-16 (App. Div. 2007), certif. denied, 194 N.J. 444 (2008).

We reject the State's argument. In Gaither, appellate counsel filed an appeal on Gaither's behalf raising issues as to his conviction and sentence. Id. at 511-12. Counsel, however, had not consulted with Gaither about those issues because he had carelessly written to Gaither about the appeal at an incorrect address. Id. at 512. We held appellate counsel's failure to communicate with Gaither regarding his appeal fell below objective standards of reasonableness, thus satisfying the first prong of the Strickland test. Id. at 514.

Relying, however, on the United States Supreme Court's holding in Jones v. Barnes, 463 U.S. 745, 754, 103 S. Ct. 3308, 3314, 77 L. Ed. 2d 987, 995 (1983), that the Constitution imposes no duty "on appointed counsel . . . to raise every

'colorable' claim suggested by a client," we declined to hold it a per se violation of the guarantee of effective counsel. Gaither, supra, 396 N.J. Super. at 515-16. Instead, we required Gaither to prove prejudice in accord with the second prong of Strickland. Id. at 513-14. Because Gaither could not show how appellate counsel's argument had been deficient or what he would have done differently had Gaither been able to consult with him, we declined relief. Id. at 514-15.

Contrary to the State's assertion, this is not a case in which the failure of appellate counsel to consult led to defendant's dissatisfaction with the issues raised in his behalf on appeal of his conviction as in Gaither. Defendant filled out the Office of the Public Defender's "Appeal Request" form. That form asks the defendant to direct the Public Defender regarding the filing of an appeal by checking one of three boxes as follows:

> I wish to appeal my entire case including the sentence received.

> I wish to appeal only the sentence imposed by the Judge.

> At this time I do not wish the Public Defender to take further action regarding my case.

Defendant checked the first box, thereby directing the Public Defender to appeal both his conviction and his sentence.

6

It is undisputed the Public Defender limited defendant's appeal to the propriety of his sentence in derogation of defendant's express direction.  In doing so, counsel forfeited defendant's right to raise any issue challenging his conviction. Appellate counsel's failure to appeal defendant's conviction after defendant directed him to do so makes this case one controlled by Jones, not Gaither, notwithstanding appellate counsel's successful pursuit of the appeal of defendant's sentence.  See also State v. Carson, 227 N.J. 353, 354 (2016) (acknowledging as "controlling case law" the holding of Flores-Ortega, supra, 528 U.S. at 483, 120 S. Ct. at 1038, 145 L. Ed. 2d at 999, "that when counsel's deficient performance 'led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself [,]' . . . the 'denial of the entire judicial proceeding . . . demands a presumption of prejudice'").

The denial of defendant's PCR petition is reversed and he is permitted forty-five days from the date of this opinion to file an appeal limited to his conviction.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION