**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2193-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MICHAEL T. UPSHAR,
a/k/a MICHAEL DARBY,
MYSHON ALLAH, and
MICHAEL T. ESDAILE,

     Defendant-Appellant.

_____

Submitted March 15, 2022 – Decided March 22, 2022

Before Judges Fisher and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 17-10-1429.

Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

Lori Linskey, Acting Monmouth County Prosecutor, attorney for respondent (Alecia Woodard, Special

Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Pursuant to a negotiated plea agreement, defendant pleaded guilty in 2018 to second-degree robbery, N.J.S.A. 2C:15-1, and was later sentenced to a five-year prison term subject to an eighty-five percent period of parole ineligibility. He did not appeal.

In May 2019, defendant filed a post-conviction relief (PCR) petition, which was amplified once counsel was appointed to represent him. The PCR petition was denied in August 2020 for reasons expressed in a written opinion.

Defendant appeals the denial of his PCR petition, arguing he was denied the effective assistance of counsel because his attorney: (1) failed to "sufficiently communicate with him, so he [could] participate in his own defense"; (2) failed to assert at sentencing that "defendant's mental health [constituted] a mitigating factor"; (3) "coerced [him] into entering a guilty plea"; and (4) failed to file a direct appeal. Because the judge erred in denying relief on the fourth point, we reverse without reaching the arguments in the other three points.

As part of his PCR petition, defendant included his own certification in which he asserted that after sentencing he "asked [his] attorney to appeal the

sentence [but] he did not do so." The State offered nothing to contest this sworn assertion. While the PCR judge was dismissive of this claim, viewing defendant's claim as a "bald assertion," there was nothing more that defendant was required to say to gain post-conviction relief on this basis. See Roe v. Flores-Ortega, 528 U.S. 470, 483 (2000); State v. Carson, 227 N.J. 353, 354 (2016); State v. Jones, 446 N.J. Super. 28, 32-33 (App. Div. 2016), aff'd on other grounds, 232 N.J. 308 (2018).

The order denying post-conviction relief is reversed. In conformity with Carson and Jones, we do not remand[1] but instead hold that defendant is entitled to file a notice of appeal of the judgment of conviction within forty-five days.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] In disposing of this appeal, we need not reach defendant's other arguments. They may be raised again once defendant files his notice of appeal of the judgment of conviction.

3