**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2906-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANDRE F. OLIVEIRA,

    Defendant-Appellant.

_____

Submitted June 7, 2022 – Decided June 20, 2022

Before Judges Fisher and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 18-03-0353.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant was charged in an indictment with various drug offenses and pleaded guilty in November 2018 to first-degree maintaining or operating a controlled dangerous substance production facility, N.J.S.A. 2C:35-4. On February 1, 2019, in accordance with a plea agreement, the trial judge imposed a ten-year prison term with a three-year period of parole ineligibility.

Defendant did not file a direct appeal but instead, on August 26, 2019, filed a pro se post-conviction relief (PCR) petition, arguing his trial attorney failed to: adequately advise him of the penal consequences of his guilty plea; explain the Brimage[1] guidelines; review discovery with him so he could make an informed decision about accepting a plea offer or going to trial; move for the suppression of evidence and the suppression of statements he gave to police; and sufficiently advise him about his appeal rights. The PCR judge denied the petition without conducting an evidentiary hearing.

Defendant appeals, arguing:

> I. [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIMS THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO FILE A DIRECT APPEAL THAT HE OTHERWISE WOULD HAVE TAKEN AND BY FAILING TO ADVISE HIM ADEQUATELY DURING THE PLEA PROCESS SO THAT HE COULD MAKE AN

---

[1] State v. Brimage, 153 N.J. 1 (1998).

A-2906-20

INFORMED DECISION ABOUT PLEADING GUILTY OR GOING TO TRIAL.

II. THE PCR COURT ERRONEOUSLY RULED THAT [DEFENDANT'S] CLAIMS WERE PROCEDURALLY BARRED.

We agree with the PCR judge that defendant was not entitled to an evidentiary hearing and not entitled to relief because there is no genuine factual dispute about the adequacy of the advice rendered. Because of that ruling, we need not consider whether the PCR judge properly found defendant's ineffectiveness claims procedurally barred.

The trial record itself reveals there is no merit in any of defendant's ineffectiveness claims. Defendant argues he was insufficiently advised about his criminal exposure, but the judge explained to him that the offense to which he was pleading guilty ordinarily called for a prison term between ten and twenty years and that the State had agreed to offer a sentence "at the bottom of the range." As for the claim that counsel did not review discovery with him, defendant was, in fact, asked about that during the plea hearing and acknowledged counsel had, in fact, reviewed with him the evidence and the police reports.

Defendant claimed that his trial attorney never filed any motions on his behalf, but the attorney had filed a suppression motion and the trial court was

prepared to begin hearing testimony on that application when defendant agreed to accept a plea offer that was the minimum that could be imposed (and less than called for by the <u>Brimage</u> guidelines) for the charge to which defendant agreed to plead guilty.

And, while the failure of an attorney to file a direct appeal when requested is a sound basis for post-conviction relief – in the form of allowing a direct appeal to be heard out of time, <u>State v. Carson</u>, 227 N.J. 353, 354 (2016) – the record here, viewed in the light most favorable to defendant, reveals that he was represented by privately-retained counsel who advised that if defendant wished him to file an appeal on his behalf, defendant would be required to pay him. Certainly, private counsel was not obligated to file an appeal without having been compensated as he sought. But defendant was also advised at the time – as demonstrably revealed by the appeal rights form he signed – that if he could not afford counsel for an appeal, an attorney would be appointed for him. Defendant has shown nothing to suggest he requested court-appointed counsel, let alone proof that he asked either his trial attorney or an appointed attorney to file an appeal on his behalf.

A-2906-20

Finding no merit in any of defendant's arguments, and without reaching defendant's second point, we reject the contention that defendant was entitled to an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2906-20