# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0917-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

C.L.,

     Defendant-Appellant.

_____

Submitted March 27, 2025 – Decided April 15, 2025

Before Judges Natali and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 17-11-0644.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (John J. Bannan, Designated Counsel, on the brief).

John P. McDonald, Somerset County Prosecutor, attorney for respondent (Terence J. Ford, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant C.L.[1] appeals from an October 11, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. After careful review of the record and the governing legal principles, we affirm in part, and vacate and remand in part for an evidentiary hearing.

I.

On November 16, 2017, defendant was indicted and charged with: three counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), (counts one through three); three counts of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1), (counts four through six); and two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(b), (counts seven and eight). Defendant pled guilty to counts one through six, and counts seven and eight were dismissed as part of the plea agreement.

The charges related to events occurring between August 1, and August 30, 2017, when defendant committed multiple acts of aggravated sexual assault against his girlfriend's sister's three young children. Specifically, defendant

---

[1] We use initials to protect the identities of the child victims of sexual assault or abuse. R. 1:38-3(c)(9), (12).

anally penetrated a nine-year-old male; anally and orally penetrated a five-year-old female; and anally penetrated a four-year-old female.

At defendant's plea hearing, he admitted to committing the above-described acts. He also stated his counsel discussed with him: (1) the State's evidence and discovery; (2) possible motion practice; and (3) purported defenses to the charges. Defendant indicated he was satisfied with counsel's performance and did not need additional time to discuss his plea with counsel.

Consistent with the written plea agreement, the court sentenced defendant to a fifteen-year custodial term with fifteen years of parole ineligibility, followed by five years of parole supervision in accordance with the No Early Release Act, N.J.S.A. 2C:43-7.2. The court found, based on defendant's statements and the report of a licensed psychologist, he qualified for treatment under the New Jersey Sex Offender Act, N.J.S.A. 2C:47-1 to -10. Defendant also received a concurrent five-year sentence for violating his probation, and the court informed him of his right to appeal.

Defendant filed a timely pro se petition and later a supplemental certification in which he attested his plea counsel was ineffective because he misinformed defendant regarding the length of his potential sentence and failed

3

to file a motion to suppress his inculpatory statements to the police. He also stated his counsel failed to file an appeal despite his request.

In his counseled brief, defendant explained his counsel improperly advised him his plea would result in a maximum ten-year sentence, and if he had been properly informed, he would not have pled guilty to a fifteen-year term. Defendant asserted counsel was ineffective for failing to file a motion to suppress, contending his statements were involuntary and the result of "fatigue" and his desire to say "anything that he thought the police wanted to hear" so he could go home. He also maintained a female detective placed her hand on his inner thigh causing discomfort during questioning, and he was pressured to "listen to [G]od" and do what God would do.

Defendant argued his attorney was ineffective for failing to object to the factual basis elicited during his plea colloquy, as he only provided yes or no answers, and did not say "anything in his own words . . . sufficient to sustain the offenses that he was pleading guilty to." He contended he asked counsel to file a direct appeal. Defendant also argued the cumulative errors of his prior counsel entitled him to PCR.

The PCR court denied defendant's petition and supported its decision in a comprehensive written opinion. The court concluded defendant failed to satisfy

4

both prongs set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). It rejected defendant's allegations his counsel misadvised him regarding his sentencing exposure and in doing so characterized his proofs as "conclusory" and "bald assertions" belied by the transcript of the plea hearing and the clear terms of the plea forms. As the court explained, the transcript reflected defendant discussed his plea with counsel, counsel answered all his questions, defendant was satisfied with counsel's services, and he understood the terms of the plea, including the fifteen-year custodial sentence.

Next, the court found defendant's arguments regarding his counsel's failure to file a motion to suppress were contradicted by his statements during the plea hearing. The court noted defendant acknowledged counsel reviewed discovery with him and discussed possible motion practice which clearly revealed, according to the PCR court, that defendant was "aware of the pretrial motions that were available to him but chose to proceed with a guilty plea."

With respect to defendant's contentions regarding the sufficiency of his factual basis, the court found defendant acknowledged the age of the victims and admitted to anally penetrating the three victims in addition to orally penetrating the five-year-old girl. Thus, the court held counsel was not "ineffective for failing to object to a lack of factual basis at the time of the plea"

A-0917-23

as defendant "explicitly admitted guilt to the offenses and acknowledged facts which encompassed all the essential elements of the offenses."

The court characterized defendant's argument concerning counsel's alleged failure to file a direct appeal as baseless because defendant's claim was supported only by his own bald assertions. It noted defendant failed to provide any "details about this supposed request to file an appeal, such as when he made the request, in what manner he made the request . . . , what the request consisted of, and what, if any, response he received from counsel." In addressing defendant's cumulative error argument, the court similarly found defendant failed to "set forth any facts or specifics as to how any of his counsel's alleged errors combined to result in prejudice against him."

Before us, defendant raises the following contentions:[2]

> POINT I:
>
> BECAUSE [DEFENDANT] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR PCR.
>
> > A. Defense Counsel was Ineffective for Giving . . . Defendant Erroneous Advice Prior to the Start of Trial

---

[2]  We have reconstituted defendant's point headings to remove reference to the applicable legal standards and any repetitive point headings.

B. Defense Counsel was Ineffective for Failing to Pursue a Motion to Suppress on . . . Defendant's Behalf

C. Defense Counsel was Ineffective for Failing to Object to the Factual Basis

D. Defense Counsel was Ineffective for Failing to File a Direct Appeal on His Behalf

E. Cumulative Errors by Counsel Amounted to Ineffective Assistance of Counsel

POINT II:

IN THE ALTERNATIVE, BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE, THE PCR COURT ERRED IN DENYING AN EVIDENTIARY HEARING.[3]

In point I.A., defendant essentially reprises his argument before the PCR court that his plea was neither knowing nor voluntary because counsel incorrectly advised him the plea imposed a ten-year sentence with an eighty-five percent parole disqualifier, and he would not have pled guilty had he known he was to be sentenced to a fifteen-year custodial term. As support, defendant cites to a single quote from the sentencing hearing where the court confirmed defendant's understanding the "plea agreement . . . call[ed] for . . . [fifteen] years without parole, [and] after a [ten]-year period[, defendant] will be

---

[3] Defendant submitted a pro se brief, consisting of four sentences in which he professes his innocence and states in summary fashion: "[w]hen it comes to whether I committed these crimes, the answer is no."

transferred . . . to the Avenel facility for . . . treatment." Defendant claims but-for counsel's alleged error, he would have insisted on going to trial, the information he received regarding the length of any custodial term was "material information," and his misunderstanding of the plea due to counsel's purported misadvice established a prima facie case of ineffective assistance of counsel.

Second, in point I.B., defendant argues he satisfied both Strickland's performance and prejudice prongs because counsel failed to move to suppress his involuntary and inculpatory statements he made to the police when arrested, and he suffered prejudice because a successful motion to suppress would have secured a more favorable plea offer.

Third, in point I.C., defendant maintains his counsel was ineffective in failing to object at the plea hearing because "the factual basis given . . . falls well short of the elements of the offenses that he was pleading guilty to," "the plea was not taken from the lips of the defendant," and "there is no indication . . . [he] understood the nature of the charges against him." He again contends the leading questions posed by his attorney and the prosecutor are insufficient to form a factual basis. Defendant summarily posits had his counsel objected, he "would have spent less time in prison."

A-0917-23

In point I.D., defendant argues his counsel's performance was constitutionally deficient because he failed to file a direct appeal despite his instructions to counsel to do so. He further claims the court "determined that [his] sworn [c]ertification . . . was undisputed and in that circumstance[,] prejudice was presumed." In point I.E., defendant maintains his arguments, including "those . . . set forth in [his] pro se filings," viewed cumulatively, mandate we vacate his guilty plea. Finally, defendant argues an evidentiary hearing is required because "[n]othing in the record explains trial counsel's choices throughout his representation."

## II.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee that a defendant in a criminal proceeding has the right to the assistance of counsel in their defense. The right to counsel includes "the right to the effective assistance of counsel." State v. Nash, 212 N.J. 518, 541 (2013) (quoting Strickland, 466 U.S. at 686).

As noted, in Strickland, the Court established a two-part test to determine whether a defendant has been deprived of the effective assistance of counsel. 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987). Under the first prong, it

9

must be demonstrated that counsel's handling of the matter "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88. However, when considering a defendant's proofs, a court must show "extreme deference" in assessing defense counsel's performance, Fritz, 105 N.J. at 52, and "indulge a strong presumption that [it] falls within the wide range of reasonable professional assistance," Strickland, 466 U.S. at 689. To establish prejudice under the second prong, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

"With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving [their] right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012); see also State v. Goodwin, 173 N.J. 583, 593 (2002). A defendant must "do more than make bald assertions that [they were] denied the effective assistance of counsel" to establish a prima facie claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant's failure to

A-0917-23

satisfy either prong of the Strickland standard requires the denial of a PCR petition. Nash, 212 N.J. at 542; Fritz, 105 N.J. at 52.

To demonstrate "prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [they] would not have pled guilty and would have insisted on going to trial.'" Gaitan, 209 N.J. at 351 (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)). A defendant must show that, "had [they] been properly advised, it would have been rational for [them] to decline the plea offer and insist on going to trial and, in fact, that [they] probably would have done so." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).

We affirm in part largely for the reasons set forth in the PCR court's twenty-nine-page, comprehensive written decision. We part from the court's decision regarding counsel's alleged failure to file a direct appeal and conclude an evidentiary hearing is required on the sole issue of whether defendant directed counsel to file a direct appeal and for the court to make additional and necessary factual findings following the conclusion of that limited plenary hearing. We add the following brief comments to amplify our decision.

First, we are satisfied the PCR court correctly concluded defendant failed to present any evidence that his counsel provided inaccurate advice regarding

11

his sentencing exposure. His petition on this point is supported by baseless, conclusory assertions all of which contradict his earlier sworn statements provided during his plea proceeding. See Cummings, 321 N.J. Super. at 170.

Specifically, defendant made express representations to the court he discussed his plea with his counsel, understood the terms, no one made additional promises or representations to him, and he was satisfied with his counsel's representation. Further, the plea forms make clear defendant's plea would result in a fifteen-year custodial term without parole. That custodial term was specifically detailed by the court when it explained to defendant the fifteen-year minimum period of parole ineligibility applicable based on the charges to which defendant pled guilty. The single quote from the sentencing hearing defendant relies upon misconstrues the court's statements and does not warrant a different result. The court did not represent to defendant he would serve only a ten-year custodial term but, instead, was merely addressing the application of N.J.S.A. 2C:47-3(h)(2).[4]

Further, it would have been irrational for defendant to have rejected the plea. See Maldon, 422 N.J. Super. at 486. Because of the severity of the

_____

[4] The court incorrectly cited N.J.S.A. 2C:43-3(h)(2) at the sentencing hearing. The substance of the court's comments, however, clearly indicate the court intended to refer to N.J.S.A. 2C:47-3(h)(2).

charges, his prior record, and the fact he was on probation for burglary and theft at the time of sentencing, he likely would have faced a significantly greater period of incarceration if he rejected the plea and was convicted at trial, a probable result based on his inculpatory statements made to police.

We similarly reject defendant's arguments concerning counsel's alleged failure to file a motion to suppress. Where a defendant claims trial counsel's performance was deficient by failing to move to suppress, they must demonstrate there is a reasonable probability the motion would have been meritorious. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); State v. Fisher, 156 N.J. 494, 501 (1998). "It is not ineffective assistance of counsel for defense counsel not to file a meritless motion." State v. O'Neal, 190 N.J. 601, 619 (2007).

Here, the PCR court correctly found defendant provided no competent evidence to support that any motion to suppress would have been meritorious. Our courts apply a "totality of the circumstances" analysis in considering whether a defendant's statement was "the product of an essentially free and unconstrained choice" or "the defendant's will [was instead] overborne and [their] capacity for self-determination critically impaired." State v. Dorff, 468 N.J. Super. 633, 644 (App. Div. 2021) (quoting State v. P.Z., 152 N.J. 86, 113

(1997)).  Due process requires the State to "prove beyond a reasonable doubt that a defendant's confession was voluntary and was not made because the defendant's will was overborne."  State v. O.D.A.-C., 250 N.J. 408, 421 (2022) (quoting State v. L.H., 239 N.J. 22, 42 (2019)).

Simply put, we find no support in the record defendant's statements were involuntary or his will was overborne, and he further fails to specifically describe which statements he seeks to suppress.  Instead, as the PCR court correctly concluded, defendant relies solely on his petition and certification which are comprised entirely of bald, unsupported, and self-serving statements, contrary to Cummings, and we note, also contradict his statements at the plea hearing where he acknowledged counsel reviewed discovery with him and discussed possible motion practice.

We also reject defendant's argument his counsel was ineffective for failing to object to what he now contends was an insufficient factual basis for his plea. As the PCR court correctly found, defendant effectively admitted guilt and acknowledged facts sufficient to establish all essential elements of the crimes. There is no merit to defendant's argument the plea did not come from the "lips of the defendant" because of leading questions.  Our Supreme Court has held the use of such questioning is sufficient to establish a factual basis, particularly

in the case of sex crimes, and certainly under the present circumstances. State v. Smullen, 118 N.J. 408, 415 (1990) (holding the use of leading questions is permitted to elicit a sufficient factual basis because the nature of the crime was "not the kind of thing people like to admit"); see also State v. Perez, 220 N.J. 423, 435-36 (2015) (holding defendant's affirmative responses to attorney's leading questions provided an adequate factual basis).

Further, defendant's reliance on our decision in State v. Fisher is misplaced as the plea colloquy at issue in that matter consisted of only a single question concerning whether the defendant understood the nature of the charges against him. 132 N.J. Super. 313, 315 (App. Div. 1975). We held such a question was insufficient to establish the requirements of Rule 3:9-2. Ibid. The facts in Fisher bear no resemblance to the circumstances here and defendant's colloquy at his plea hearing.

Indeed, defendant repeatedly acknowledged individual facts which established the essential elements of his charges and provided clarifications, such as his response "[a]lso in her butt, as well" to the State's question "[d]id you put [your] penis anywhere else inside her body" when discussing his acts with the five-year-old victim. Defendant's affirmative responses to the leading questions establishing the children's age and his acts with them, in addition to

his clarifications, establish a proper factual basis for the aggravated sexual assault and endangering charges. His answers to the attorneys' questions were sufficient to establish that he committed the charged offense. Therefore, we reject defendant's claim that he did not provide an adequate factual basis for the plea, and his related claim of ineffective assistance of counsel fails under both prongs of the Strickland test. Because we conclude defendant did not establish a prima facie case for ineffective assistance, no evidentiary hearing was required as to his arguments in points I.A through C, and E. See State v. Preciose, 129 N.J. 451, 462-63 (1992).

However, with respect to defendant's argument concerning counsel's alleged failure to file a direct appeal, defendant asserts he directed counsel to file a direct appeal, which counsel failed to do. We think the record would benefit from further development on this issue.

The failure to file a requested appeal constitutes ineffective assistance of counsel. Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000) ("[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that [they] otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling [them] to an appeal."); State v. Perkins, 449 N.J. Super. 309, 311 (App. Div. 2017). When uncontradicted

evidence defendant requested an appeal is presented to the PCR court, the defendant has succeeded in establishing a prima facie claim of ineffective counsel. State v. Jones, 446 N.J. Super. 28, 34 (App. Div. 2016) (citing Flores-Ortega, 528 U.S. at 485); R. 3:22-2(e). "[W]hen a defendant has not conveyed [their] wishes regarding the filing of an appeal . . . we consider '"whether counsel's assistance was reasonable considering all the circumstances,"' Flores-Ortega, 528 U.S. at 478 (quoting Strickland, 466 U.S. at 688), and whether counsel's deficient performance 'actually cause[d] the forfeiture of the defendant's appeal,' id. at 485." Jones, 446 N.J. Super. at 33-34 (second alteration in original) (citations reformatted).

Jones is particularly instructive here. In that matter, the defendant pled guilty to first-degree armed robbery and unlawful possession of a weapon and was sentenced to a fifteen-year prison term with eighty-five percent parole ineligibility, and defendant failed to file a direct appeal. Id. at 31. Defendant subsequently filed a pro se PCR petition claiming ineffective assistance of counsel, in part based on his uncontested attestation he "told his attorney he wanted to file an appeal," but the attorney never filed an appeal. Ibid.

We rejected the PCR court's reasoning that, without an evidentiary hearing, Jones' claim was insufficient because he had not identified a claim that

would have been "meritorious" on appeal. Id. at 32-34. We further held, in the context of failure to file a requested appeal, the PCR court was the improper forum to apply the second prong of Strickland—whether counsel's deficiency actually prejudiced the defendant. Ibid.

Here, the PCR court characterized defendant's claim he informed counsel to file a direct appeal as a bald assertion and denied relief because of defendant's failure to provide additional details concerning the alleged requested appeal, such as when he made the request, in what manner he made the request, and what response, if any, he received from counsel. If defendant's allegation is truthful that his prior counsel failed to file an appeal when defendant requested that an appeal be filed, it would be ineffective assistance of counsel under Flores-Ortega, Jones, and Carson.[5] Of course, this statement may not be accurate, which is why an evidentiary hearing is necessary. If the court concludes defendant made no such request, the court should then determine, as outlined above, whether counsel's assistance was reasonable under the circumstances and whether such assistance deprived defendant of an appeal.

---

[5] State v. Carson, 227 N.J. 353 (2016).

To the extent we have not otherwise addressed defendant's arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed in part, and vacated and remanded in part for an evidentiary hearing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0917-23