**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0255-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KYMBERLY D. SPARROW,

    Defendant-Appellant.

_____

          Submitted March 19, 2025 – Decided June 13, 2025

          Before Judges Marczyk and Paganelli.

          On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 19-08-1337.

          Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

          Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Anthony J. Robinson, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kymberly D. Sparrow appeals from a July 17, 2023 trial court order that denied her petition for post-conviction relief (PCR) without an evidentiary hearing. After conducting a de novo review and applying well-established case law, we affirm.

I.

Defendant was indicted for: (1) two counts of first-degree robbery, N.J.S.A. 2C:15-1(b); (2) two counts of second-degree burglary, N.J.S.A. 2C:18-2(a)(1), N.J.S.A. 2C:18-2(b)(1), and N.J.S.A. 2C:18-2(b)(2); (3) second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1); (4) second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); (5) two counts of third-degree terroristic threats, N.J.S.A. 2C:12-3(a); (6) fourth-degree possession of prohibited weapons and devices, N.J.S.A. 2C:39-3(f)(1); and (7) two counts of fourth-degree stalking, N.J.S.A. 2C:12-10(b).

Defendant pled guilty to one count of first-degree robbery and one count of second-degree unlawful possession of a weapon. The remaining charges were dismissed. During the plea hearing, the trial court noted the State would be recommending a ten-year sentence on the robbery charge, subject to the No

Early Release Act (NERA),[1] eight-and-a-half years without parole, and five years on the unlawful possession charge, under the Graves Act,[2] with forty-two months of parole ineligibility. The sentence for the unlawful possession charge was to run concurrent with the robbery charge. Defendant stated she understood the sentence. This information was also contained on the plea form signed by defendant.

In addition, the trial court stated that, at the time of sentencing, defense counsel was "going to ask the [c]ourt to sentence [defendant] one[-]degree lower, outside the first[-]degree range, [s]o rather than ten years [s]tate [p]rison, eight years, subject to" NERA. Defendant stated she understood. This information was also contained on the plea form signed by defendant.

On the plea form, defendant acknowledged she was "not waiving [her] right to appeal." In addition, on the form and during the plea hearing she acknowledged she was "satisfied with the advice [she] ha[d] received from [her] lawyer."

---

[1] N.J.S.A. 2C:43-7.2(c).

[2] N.J.S.A. 2C:43-6(c).

A-0255-23

During the sentencing hearing, defense counsel argued mitigating factors four, six, seven, eight and nine weighed in defendant's favor.[3]  Counsel also argued aggravating factor three should "not [be] given much weight" and factor six did not apply, but conceded the court may give some weight to aggravating factor nine.[4]  Overall, defense counsel argued "the quality of the . . . mitigating factors . . . substantially outweigh[ed] th[e] aggravating factors" and defendant should be "sentence[d] . . . [to] one[-]degree lower."

Defendant spoke on her own behalf.  She requested the court consider: (1) she was "incredibly sorry for what [she] ha[d] done"; (2) "this [wa]s [her] first offense"; (3) she was unaware she suffered from bipolar disorder at the time of the offenses, but was now on medication; (4) "no one was hurt . . . and [she] did[ no]t actually steal anything"; and (5) she had three young children that needed her care.  Defendant requested a sentence of "five years" to "more aptly fit the crime."

The State, after detailing the facts surrounding the crimes and the trauma sustained by the victims, argued that aggravating factor nine was a "strong" and "substantial weighing factor."

---

[3]  N.J.S.A. 2C:44-1(a).

[4]  N.J.S.A. 2C:44-1(b).

The trial court noted it "reviewed the [p]re-[s]entence report [and] listened to the attorneys and . . . defendant." The court detailed the facts surrounding defendant's crimes and her plea. It stated, "[i]n terms of aggravating factors, [it] found factor three," and "[f]actor nine [wa]s the strongest factor." In terms of mitigating factors, the court: (1) gave defendant "the benefit" of factors four and seven although the court noted they were not "strong" factors and (2) did not find factors six, eight or nine.

The trial court stated it was "clearly convinced," "given the strength of [aggravating] factor nine," "that the aggravating factors substantially outweigh[ed] the mitigating" factors. Therefore, "looking at the aggravating and mitigating factors and all the facts and circumstances," the court determined the "recommended sentence appear[ed] appropriate." The court sentenced defendant in accordance with the plea deal. Defendant stated she understood the sentence.

The trial court advised defendant she had forty-five "days to appeal" and if she missed the deadline, she could "ask for a [thirty-]day extension for good cause." The following exchange occurred thereafter:

> [Defense Counsel]: Do you understand your appeal rights that the [j]udge just indicated?
>
> [Defendant]: Yes.

5

Approximately twenty months later, defendant filed a petition for PCR. Defendant alleged she "received ineffective assistance from her trial counsel" because, as relevant here,[5] "counsel failed to file [a] notice of appeal or explain to [defendant] that she had a right to file a direct appeal of her sentence, resulting in [defendant] not . . . receiving a direct appeal." In another certification, after being assisted by counsel, defendant alleged defense counsel "never advised [her] nor explained to [her] what a direct appeal was and that [she] had the right to one" and "never discussed nor explained . . . [her] right to file a direct appeal, [she] just assumed that [she] could not file an appeal since [she] pled guilty pursuant to a plea agreement." Moreover, defendant certified "[h]ad [she] been advised of [her] right to appeal, [she] would have filed one."

The trial court heard the parties' oral arguments regarding the PCR petition. In an oral opinion, the trial court applied the Strickland[6] and Fritz[7] standards and found plaintiff had not met her burden. It stated as "to the appeal

---

[5] Defendant raised other bases for ineffective assistance of counsel, but has not argued those issues on appeal. Those issues are therefore waived. See N.J. Dep't of Env't Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015) ("An issue that is not briefed is deemed waived upon appeal.").

[6] Strickland v. Washington, 466 U.S. 668 (1984).

[7] State v. Fritz, 105 N.J. 42 (1987).

A-0255-23

issue," while an appeal was not filed, defendant "was not prejudiced . . . because she was clearly made aware of [her appeal right] based upon the transcript." The court noted the judge and defense counsel questioned defendant during the sentencing hearing regarding her understanding of her right to appeal.

The judge found:

> [W]ith the record clearly reflecting that both the [c]ourt and counsel advised and confirmed with [defendant] that she understood her appeal rights, her position . . . does not demonstrate that she was prejudiced and was not properly informed.
>
> And as a result of the record being clear on its face, there is no need for an evidentiary hearing on this issue.

The trial court denied the petition for PCR without an evidentiary hearing.

## II.

On appeal, defendant raises the following argument for our consideration:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HER CLAIM THAT HER ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO FILE A DIRECT APPEAL.

Defendant contends "counsel never advised her or explained to her what a direct appeal was, or that she had the right to one. She thus assumed she could

not appeal because she had entered a guilty plea. Had her counsel advised her about direct appeals, she would have filed one."[8]

Defendant argues "a rational defendant would [have] want[ed] to appeal [a] harsher sentence tha[n] she had hoped for and/or because [she] demonstrated that she wanted a lower sentence." She notes "[t]here would have been no downside to filing a sentencing appeal, and such an appeal m[ay have] le[]d to a lower sentence."

Moreover, defendant asserts the trial court's reliance on the sentencing hearing, where she was advised "she had a right to an appeal" and where counsel asked her "if she understood her right to appeal" was misplaced. She asserts the court did not "view the facts in a light most favorable to" her because: (1) "counsel never discussed what an appeal was, or the pros and cons of filing an appeal," and (2) "her indication that she knew she could appeal did not mean that she had an adequate or meaningful understanding of what that meant."

In response, the State contends Flores-Ortega does not apply to the matter. It asserts that defendant's "hope[]" for a less "harsh[] sentence" was "impossible" and her "want[ of] a lower sentence" was "insufficient." The State notes "[t]he

---

[8] Defendant relies on State v. Jones, 446 N.J. Super. 28 (App. Div. 2016). See also Roe v. Flores-Ortega, 528 U.S. 470 (2000).

plea forms, initialed on every page by defendant, signed, and verified on the record, ma[d]e it clear that the State would seek and the court may impose the exact sentence defendant received." Therefore, "the sentence was [not] unexpected or excessive because she agreed to enter [a] plea with [that sentence] staring her in the face."

Moreover, the State asserts defendant's "no downside" and "nothing to lose" approach does not present a "meritorious appeal." The State contends Flores-Ortega requires "an appeal with some substantive value."

In addition, the State argues "there [wa]s no evidence that defendant even suggested an interest in appealing." Instead, the State asserts, defendant "was instructed that she had a right to appeal her sentence" and she "was asked – twice – whether she understood those rights and [she] indicated that she did." Moreover, defendant "asked no questions and raised no concerns."

Under these circumstances, the State contends there was "no prima facie showing" of ineffective assistance of counsel and therefore defendant was "not entitled to an evidentiary hearing."

### III.

We begin our discussion with a review of the principles governing our analysis. PCR "is New Jersey's analogue to the federal writ of habeas corpus."

A-0255-23

State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). PCR "provide[s] a built-in 'safeguard that ensures that a defendant [i]s not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)). "A petitioner must establish the right to [PCR] by a preponderance of the credible evidence." Preciose, 129 N.J. at 459 (citing State v. Mitchell, 126 N.J. 565, 579 (1992)).

"R[ule] 3:22-1 does not require evidentiary hearings to be held on [PCR] petitions [and] R[ule] 3:22-10 recognizes judicial discretion to conduct such hearings." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Nonetheless, "trial courts ordinarily should grant evidentiary hearings to resolve ineffective-assistance-of-counsel claims if a defendant has presented a prima facie claim in support of [PCR] and the facts supporting the claim are outside the trial record." Ibid. (citing Preciose, 129 N.J. at 462). "[C]ourts should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Preciose, 129 N.J. at 462-63.

A defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel. He [or she] must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170.

"Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo." State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020).

"A petition for [PCR] is cognizable if based upon . . . [a s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey." R. 3:22-2(a). "Those accused in criminal proceedings are guaranteed the right to counsel to assist in their defense." State v. Gideon, 244 N.J. 538, 549 (2021) (citing U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10). "[I]t is not enough '[t]hat a person who happens to be a lawyer is present at trial alongside the accused,' . . . rather, the right to counsel has been interpreted by the United States Supreme Court and [the New Jersey Supreme] Court as 'the right to the effective assistance of counsel.'" Id. at 550 (second alteration in original) (quoting Strickland, 466 U.S. at 685-86).

To establish a prima facie claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test established in Strickland:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the

defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

[Strickland, 466 U.S. at 687.]

In Flores-Ortega, the United States Supreme Court considered whether "counsel [was] deficient for not filing a notice of appeal when the defendant ha[d] not clearly conveyed his wishes one way or the other." 528 U.S. at 477.[9] In rejecting a per se rule, the Court considered: "whether counsel in fact consulted with the defendant about an appeal." Id. at 478. The Court "employ[ed] the term 'consult' to convey a specific meaning – advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Ibid. When "counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Ibid.

---

[9] The Flores-Ortega standard applies in New Jersey. See State v. Carson, 227 N.J. 353 (2016); see also Jones, 446 N.J. Super. at 36-37.

12

The Court stated the "better practice is for counsel . . . to consult with the defendant regarding the possibility of an appeal." Id. at 479. Further, the Court noted "States[10] are free to impose whatever specific rules they see fit to ensure that criminal defendants are well represented, [but it has] held that the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Ibid. (citing Strickland, 466 U.S. at 688.). The Court could not "say, as a constitutional matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient." Id. at 478.

When "counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with . . . defendant itself constitutes deficient performance." Ibid. "[C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when . . . either (1) . . . a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this

---

[10] In New Jersey, under Rule of Professional Conduct (RPC) 1.4(c), "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding representation." RPC 1.2(a) provides: "In a criminal case, the lawyer shall consult with the client and, following consultation, shall abide by the client's decision on the plea to be entered, jury trial, and whether the client will testify."

A-0255-23

particular defendant reasonably demonstrated to counsel that he [or she] was interested in appealing." Id. at 480.

The Court stated:

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.
>
> [Ibid.]

Applying these well-established legal standards and having carefully reviewed the record on appeal, we are not convinced defendant established a prima facie right to an evidentiary hearing or PCR.

For the purposes of our review, we start from the premise that defense counsel did not consult with defendant. There is no evidence counsel "advis[ed] . . . defendant about the advantages and disadvantages of taking an appeal, [or] ma[de] a reasonable effort to discover the defendant's wishes." Id. at 478.

Moreover, it would be improper to infer counsel consulted with defendant merely from the court's and counsel's questioning her as to her right to appeal during the sentencing hearing.

Therefore, we turn to whether "(1) . . . a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he [or she] was interested in appealing." Id. at 480.

We cannot conclude defendant prima facie established either of these standards. Under the first standard, defendant is required to assert meritorious grounds for appeal. On appeal, defendant asserts she would have appealed because she "hoped for" and "wanted a lower sentence." In addition, she offers there was "no downside" and an "appeal m[ay have] le[]d to a lower sentence." The asserted grounds do not suggest a meritorious appeal. Indeed, every incarcerated defendant "hope[s] for" and wants a "lower sentence." Absent from defendant's position is any assertion that the trial court erred in imposing the sentence. Under these circumstances, we cannot conclude trial counsel's performance was deficient in failing to consult with defendant regarding an appeal.

15

Moreover, defendant fails to establish prima facie that she "reasonably demonstrated to counsel that [she] was interested in appealing." Id. at 480. In this respect, defendant does not argue she showed an interest, because she admits she "assumed she could not appeal because she had entered a guilty plea." However, in the sentencing hearing and on the plea form defendant was advised of her right to appeal and she indicated she understood that right. Therefore, while she may contend she did not know what an appeal right was, she certainly knew she had the right, and never inquired of counsel or expressed an interest in appealing to counsel. Under these circumstances, we cannot conclude trial counsel's performance was deficient in failing to consult with defendant regarding an appeal.

Therefore, having concluded defense counsel's representation was not deficient, under the first prong of Strickland, we need not reach the issue of whether defendant suffered any prejudice under the second Strickland prong. See Strickland, 466 U.S. at 687.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

16                                                                    A-0255-23