**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2901-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GIUSEPPE TEDESCO,

    Defendant-Appellant.

_____

Submitted January 5, 2026 – Decided January 27, 2026

Before Judges Walcott-Henderson and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Indictment No. 10-08-0289.

Hegge & Confusione, LLC, attorneys for appellant (Michael Confusione, of counsel and on the briefs).

Sahil K. Kabse, Acting Sussex County Prosecutor, attorney for respondent (Shaina Brenner, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Giuseppe Tedesco appeals from an April 28, 2025 order denying his petition for post-conviction relief ("PCR") based on ineffective assistance of counsel without an evidentiary hearing. Discerning no error by the PCR court, we affirm.

I.

We previously recounted the pertinent facts of defendant's case when we affirmed his conviction and sentence. State v. Tedesco, No. A-6200-12 (App. Div. Mar. 6, 2017). Our Supreme Court subsequently denied certification. State v. Tedesco, 230 N.J. 547 (2017).

To provide proper context for this opinion, we note that these charges relate to the March 2010 murder of defendant's former high school classmate whom he had previously dated. The State's theory of the case was that defendant murdered the victim because he was fixated on her and grew jealous over her relationship with another individual. At trial, the State presented the testimony of several witnesses, including mutual friends of the victim and defendant, who testified to defendant's obsession. The evidence showed that although the victim and defendant occasionally socialized with other mutual friends, she had rebuffed his romantic advances and was romantically involved with another individual.

The State also presented evidence from friends of defendant and the victim that the victim's tires had been slashed on two occasions while she was at her boyfriend's house. At trial, defendant's friend testified that he admitted to and was responsible for at least the first tire slashing incident.[1] The last tire slashing incident occurred the night before the victim's murder. The State theorized that it was defendant who had slashed the tires on the victim's car. The State also presented the testimony of another witness who observed defendant fleeing the murder scene, and police recovered his blood-stained car, firearm, and ammunition.

Convicted at trial of first-degree murder, N.J.S.A. 2C:11-3(a), unlawful possession of a handgun, N.J.S.A. 2C:39-5(b), and possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a), defendant was sentenced on the first-degree murder charge to seventy-years imprisonment with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2, and a concurrent thirty-year period of parole ineligibility pursuant to the Graves Act, N.J.S.A. 2C:43-6(c), as well as a five-year period of parole supervision. With respect to the remaining two charges, the counts

---

[1] We previously concluded that evidence of the tire slashing incidents was properly admitted at trial under N.J.R.E. 404(b). See Tedesco, No. A-6200-12 (slip op. at 21).

merged and defendant was sentenced to a concurrent five-year period of imprisonment with a thirty-month period of parole ineligibility.

In August of 2013, defendant filed a direct appeal raising multiple challenges to the court's evidentiary rulings and accusations of prosecutorial misconduct, among other arguments. In March of 2017, we affirmed the judgment of conviction and our Supreme Court denied certification on September 11, 2017.

Defendant then filed a petition for a writ of habeas corpus in the District of New Jersey in September 2018. This petition raised claims principally focused on trial-level errors, but did not assert ineffective assistance claims related to counsel's failure to utilize certain evidence. The District Court denied relief and the United States Court of Appeals for the Third Circuit denied a certificate of appealability. Tedesco v. AG of NJ, No. 18-13642 (CCC), 2021 U.S. Dist. LEXIS 9360 (D.N.J. Jan. 19, 2021), appeal denied, No. 21-1179 (3d Cir. May 6, 2021).

In January of 2024—more than ten years after the judgment of conviction—defendant filed his first PCR petition, arguing ineffective assistance of trial counsel based on the alleged failure to present exculpatory

4

Facebook communications, adequately challenge prosecution witnesses, and request relaxation of the five-year time bar due to excusable neglect.

The PCR court issued a comprehensive written decision denying relief without an evidentiary hearing. The court found defendant failed to establish excusable neglect or a fundamental injustice warranting relaxation of the five-year bar and present a prima facie case of ineffective assistance of counsel. The court specifically rejected defendant's reliance on his prior habeas counsel's advice and COVID-related delays as insufficient to toll the procedural bar.

This appeal followed in which defendant raises the following arguments for our consideration:

> I. THE TRIAL COURT ERRED BY DENYING THE DEFENDANT'S FIRST PETITION FOR POST-CONVICTION RELIEF WITHOUT HOLDING AN EVIDENTIARY HEARING ON THE DEFENDANT'S CLAIMS.
>
> A. The trial court erred by ruling that there was no excusable neglect of a fundamental injustice to relax the time bar.
>
> B. The trial court erred by denying the defendant's petition without an evidentiary hearing, which was necessary to properly evaluate and determine his ineffective assistance of counsel claims.

A-2901-24

## II.

We review of the denial of PCR without an evidentiary hearing de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018). To reverse a conviction based on ineffective assistance of counsel, a defendant must demonstrate that both: (1) "counsel's performance was deficient" and (2) counsel's "errors were so serious as to deprive the defendant of a fair trial." Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987). The first prong of the Strickland test requires a defendant to establish counsel's performance was deficient. State v. Preciose, 129 N.J. 451, 463 (1992). "The second, and far more difficult, prong of the [Strickland] test is whether there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 463-64 (quoting Strickland, 466 U.S. at 694). This prima facie claim must raise more than mere bald assertions or vague, conclusory statements. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Courts operate under a strong presumption counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. State v. Young, 474 N.J. Super. 507, 516 (App. Div. 2023), certif. denied, 254 N.J. 63 (2023); see also Strickland, 466 U.S. at 689.

A-2901-24

Further, because prejudice is not presumed, a petitioner has the burden to show "how specific errors of counsel undermined the reliability of the finding of guilt." Young, 474 N.J. Super. at 516 (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)).

A.

Before us, defendant first argues the court erred by finding there was no excusable neglect or fundamental injustice warranting relaxation of the five-year time bar. He asserts the five-year time bar should be relaxed due to excusable neglect based on his prior habeas counsel's advice not to file a PCR petition and COVID-19 pandemic-related delays.

Under Rule 3:22-12, "no petition shall be filed . . . more than [five] years after the date of entry . . . of the judgment of conviction that is being challenged." R. 3:22-12(a)(1). "[A] court should relax Rule 3:22-12's bar only under exceptional circumstances. The court should also consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an injustice sufficient to relax the time limits." State v. Mitchell, 126 N.J. 565, 580 (1992). (internal quotation marks omitted). "Absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of

A-2901-24

the delay." State v. Afanador, 151 N.J. 41, 52 (1997) (citing Mitchell, 126 N.J. at 580). Additionally, a defendant's pursuit of federal habeas corpus relief does not "extend the time frame within which to file a PCR petition." State v. Milne, 178 N.J. 486, 494 (2004) (citing Pressler, Current N.J. Court Rules, cmt. on R. 3:22-12 (2004)).

In addressing this issue, the court correctly determined that the time bar issue is one that cannot simply be extended by the court in the exercise of discretion under Rule 1:3-4(c). The court reviewed the procedural history of the matter beginning with defendant's January 11, 2013 conviction and July 17, 2013 sentence, defendant's contacts with his original trial counsel, and his contention it was habeas counsel who advised him to forego the state PCR petition in favor of a federal petition for habeas corpus relief because there was no basis for an ineffective assistance claim against trial counsel. The PCR court further noted that it was for these reasons that "the decision was made to pursue the federal habeas application instead," even though defendant was advised at sentencing of his right to petition the court for PCR within five years. The PCR court found persuasive that defendant had analyzed the "pros and cons of pursuing [PCR] relief or going directly to federal court with his new attorney, and opted for the process that he believed could get him the fastest substantive

relief." The court concluded that "such choices . . . do not rise to the level of excusable neglect."

In reaching its decision, the PCR court also distinguished this case from State v. Carson, 227 N.J. 353 (2016) and State v. Jones, 446 N.J. Super. 28 (App. Div. 2016), in which defendants had requested their attorneys file timely appeals of their convictions and the attorneys had failed to do so. The court concluded that unlike in Carson and Jones where counsel failed to act in accordance with their client's explicit instructions, defendant, "after consulting with counsel about the pros and cons of filing a PCR petition or immediately pursuing a habeas application in federal court, opted to pursue the latter, clearly understanding he was foregoing his right to pursue the former," and thus, his "reliance on the Carson and Jones decisions is misplaced."

The PCR court further found nothing that rose to the level of compelling, extenuating circumstances or exceptional circumstances to warrant a relaxation of the time bar. Although defendant provided an explanation for his failure to timely file his PCR petition, he did not provide specific facts to demonstrate the delay was excusable or that compelling, extenuating circumstances exist. See State v. Hannah, 248 N.J. 148, 175, 190 (2021) (finding defendant made several efforts to have his ineffective assistance claims reviewed, even though the

claims were never adjudicated due to recurring procedural complications and court error). We agree.

We are satisfied defendant failed to show that the PCR court erred in finding his petition untimely. Simply put, defendant's explanations for why he did not file a timely petition are insufficient to establish that a deviation from the five-year filing requirement is warranted. To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Defendant must allege specific facts sufficient to sustain his burden of proof. Mitchell, 126 N.J. at 579. Moreover, the court properly considered the extent and "cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Norman, 405 N.J. Super. at 159 (quoting Afanador, 151 N.J. at 52). None of these factors would suggest that relaxing the time bar is warranted in this case as defendant's PCR petition was filed on January 17, 2024, over eleven years after his 2013 conviction and sentence, and over six years after the expiration of the five-year timeframe.

Moreover, the filing of a habeas corpus petition does not toll the time bar. Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 3:22-12 (2026); Milne, 178 N.J. at 494 (2004) (citing Pressler, cmt. on R. 3:22-12 (2004)).

B.

Although we conclude defendant's petition is procedurally barred, we nevertheless address the merits of his claim of ineffective assistance of trial counsel in the interest of justice, particularly because both the PCR court and the State addressed defendant's substantive arguments.

Having conducted a de novo review, we agree with the PCR court's analysis and rejection of defendant's substantive arguments trial, appellate and federal habeas counsel provided ineffective assistance, "which prejudiced his right to seek post-conviction relief in state court." Defendant asserts trial counsel provided ineffective assistance by failing to investigate and introduce evidence of his prior conversations with the victim's boyfriend, while using a fictitious name through Facebook. More particularly, he claims those communications would have shown that the victim's then-boyfriend lied on the stand, and "were extremely important to [his] defense . . . because they contradicted the State's star witness; they contradicted the other witnesses the State provided on the subject."

11

Relatedly, defendant further claims that trial counsel was ineffective because he failed to impeach several witnesses who testified against him or ask for a pretrial hearing on whether their testimony should have been allowed at trial. He specifically asserts that had the Facebook conversations been provided, they would have proven that the testimony of several of the State's witnesses who testified against him was inaccurate, mostly concerning the tire slashing incidents, which was attributable to him. Defendant maintains that despite the State's theory he had slashed the victim's tires in the days leading up to the murder, he was at home when these incidents occurred and he posits that the Facebook messages would have corroborated his testimony that he had nothing to do with the tire slashings.

As to habeas counsel, defendant asserts he "told [him] to skip [his] state court . . . claims and jump right into filing a petition for habeas corpus relief in federal court." He makes no specific claims against appellate counsel.

We are not persuaded by these arguments. In short, we discern defendant did not establish that trial and habeas counsel were ineffective or that he suffered any prejudice to satisfy the rigorous Strickland standard. We add the following brief comments to amplify our opinion.

A-2901-24

Addressing the issue of trial counsel's decision not to offer evidence that defendant was on Facebook at the time of the murder, we are satisfied that even if defendant could establish that trial counsel's representation was deficient on this basis, defendant's PCR claim would fail to satisfy Strickland's prejudice prong given the overwhelming evidence presented against him at trial, including testimony from a passing motorist who saw defendant running from the scene of the murder, and defendant's own testimony that he was at the victim's home and suffered a gunshot wound around at or around the time of the murder.

Moreover, the State maintains the supposed Facebook messages do not take into account defendant's own testimony that he knew about the victim's relationship with another individual and testimony from their friends that defendant was jealous of the victim's relationship and threatened to kill her if she did not break it off. Given this record, we are not persuaded that testimony about defendant's Facebook conversations in the days leading up to the murder would have made any difference or inured to his benefit at trial.

We similarly reject defendant's contention trial counsel was ineffective for failing to aggressively impeach the State's witnesses. Here too, defendant argues the Facebook evidence should have been used to impeach the testimony of several witnesses, including the victim's boyfriend, who testified that the

13

victim's tires were slashed prior to her murder and another friend who testified defendant admitted that he had slashed the victim's tires.

Decisions concerning how to question and cross-examine witnesses are left to the discretion of trial counsel for obvious reasons; namely that counsel is best able to discern which strategy is most effective in the context of a trial. See Strickland, 466 U.S. at 690. Thus, "[i]n matters of trial strategy, we accord great deference to the decisions of counsel[.]" State v. Biegenwald, 126 N.J. 1, 56 (1991).

In addressing this point, the PCR judge correctly found defendant failed to set forth a prima facie case that trial counsel's performance was both deficient and prejudicial. The PCR court found that counsel's choices regarding the cross-examination of witnesses—including whether to challenge credibility or recall certain witnesses—were reasonable, strategic decisions that do not amount to ineffective assistance. We agree with the PCR court that trial counsel's conduct falls within the wide range of reasonable professional assistance and sound trial strategy. And, the record shows that trial counsel "zealously advocated on his behalf and presented more than adequate defenses and evidence in an attempt to persuade the jury to find him not guilty of the charges." In essence, defendant's claims amount to mere disagreements with counsel's strategic choices. See State

v. Savage, 120 N.J. 594, 617 (1990) (quoting Strickland, 466 U.S. at 690-91) ("If counsel thoroughly investigates law and facts, considering all possible options, his or her trial strategy is 'virtually unchalleng[e]able.'").

Further, even if trial counsel cross-examined the State's witnesses using the Facebook messages in the manner in which defendant now seeks, there is nothing in the record to support defendant's argument trial counsel would have been successful in establishing an alibi for the crimes of murder and weapon offenses for which he was charged and ultimately convicted. Accordingly, we reject defendant's claim trial counsel provided ineffective assistance because he cannot establish trial counsel's performance, even if deficient, prejudiced his defense. Stated differently, in the face of the overwhelming evidence of defendant's guilt, he cannot show that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the trial would have been different. Strickland, 466 U.S. at 694.

Because we have concluded that defendant failed to establish a prima facie case of ineffective assistance of trial counsel, he is not entitled to an evidentiary hearing. We have long held that an evidentiary hearing is warranted only if a defendant presents a prima facie case of ineffective assistance of counsel, "material issues of disputed fact lie outside the record, resolution of the issues

necessitate a hearing[,] and when 'the attorney's testimony may be required.'" State v. L.G.-M., 462 N.J. Super. 357, 364-65 (App. Div. 2020) (first citing R. 3:22-10(b) and State v. Porter, 216 N.J. 343, 355 (2013); then quoting Preciose, 129 N.J. at 462).

To the extent we have not addressed any of defendant's remaining arguments, we discern they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division

A-2901-24